[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15961
Non-Argument Calendar

_____

D. C. Docket No. 05-02445-CV-TWT-1

TOMMY PEARSON, SR.,

Plaintiff-Appellant,

versus

MONICA T. MYLES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 5, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Tommy Pearson, Sr. appeals the 28 U.S.C. § 1915A dismissal of his 42

U.S.C. § 1983 action. On appeal, Pearson argues that his court-appointed defense counsel, Monica T. Myles, knew of his mental incapacity but failed to request a mental evaluation before advising him to plead guilty. He also argues that Myles prevented him from being able to withdraw his guilty plea. The district court held that Pearson failed to state a claim because Myles did not act under color of state law in her capacity as his defense counsel. Pearson does not address the district court's reasoning.

We review de novo a dismissal for failure to state a claim under § 1915A(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Section 1915A of the Prisoner Litigation Reform Act ("PLRA") provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, or dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489

2

U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted).

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Because Myles was performing traditional lawyer functions in her representation of Pearson, she was not acting under color of state law. Therefore, Pearson has no § 1983 cause of action against Myles in connection with her representation of him.

Upon review of the record and consideration of Pearson's brief, we discern no reversible error.

**AFFIRMED.**[1]

---

[1] Pearson's motion to submit a new brief is DENIED. Pearson does not offer any facts, changes in law, or additional arguments which would render a new brief necessary.